Filed 11/15/13  P. v. Hudson CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,** | |
| **Plaintiff and Respondent,** | **A134881** |
| v. | |
| **UMAR R. HUDSON,** | **(San Francisco City and County Super. Ct. No. 208349)** |
| **Defendant and Appellant.** | |

Appellant Umar R. Hudson was convicted after a jury trial of one count of first degree murder (Pen. Code, § 187, subd. (a)), two counts of lewd acts on a child (*id.*, § 288, subd. (a)), one count of forcible oral copulation (*id.*, former § 288a, subd. (c)(2)), and one count of aggravated sexual assault of a child (*id.*, § 269, subd. (a)(4)).  On appeal, appellant challenges (1) the trial court's denial of his severance motion, and (2) a jury instruction regarding false or misleading statements.  We reject these challenges and affirm.

## BACKGROUND

In late 2006 and early 2007, appellant lived with his girlfriend, J.S., and their child.  J.S.'s other children also lived with them, including eight-year-old A.S. and 13-year-old M.S.  A.S. testified that appellant committed a lewd act against her in her bedroom, and DNA analysis indicated semen found on A.S.'s comforter was likely appellant's.  M.S. also testified to incidents in which appellant sexually molested her.

1

When A.S. told her mother what appellant had done, J.S. kicked him out of the house.  A.S. reported the incident to the police, who subsequently also spoke to M.S.  About two months after A.S. first talked to the police, appellant stabbed J.S. 45 times and killed her.  The prosecution's theory was appellant committed the murder to retaliate against J.S. for supporting her daughters in reporting appellant to the police.  Appellant did not dispute that he killed J.S., but argued a different motive justified a conviction of manslaughter.

DISCUSSION

I. *Severance Motion*

Before trial, the trial court denied appellant's motion to sever the murder charge from the four molestation charges.  Appellant concedes the offenses were all of the same class and joinder was therefore proper under Penal Code section 954, which authorizes joinder of "two or more different offenses of the same class of crimes or offenses."  He argues the trial court nonetheless should have exercised its discretion to sever the charges.

In an appeal challenging a trial court's refusal to sever properly joined charges, "[the] defendant must show that the trial court's ruling was an abuse of discretion. [Citation.]  In order to establish an abuse of discretion, [the] defendant must make a 'clear showing of prejudice.' [Citation.]"  (*People v. Thomas* (2012) 53 Cal.4th 771, 798.)  "We consider first whether the evidence of the two sets of offenses would have been cross-admissible if the offenses had been separately tried. [Citation.]  If the evidence would have been cross-admissible, then joinder of the charges was not prejudicial." (*Ibid.*)  If the evidence would not have been cross-admissible, "[w]e consider '[1] whether some of the charges are likely to unusually inflame the jury against the defendant; [2] whether a weak case has been joined with a strong case or another weak case so that the total evidence may alter the outcome of some or all of the charges; and [3] whether one of the charges is a capital offense, or the joinder of the charges converts the matter into a capital case.' [Citation.]  'We then balance the potential for

prejudice to the defendant from a joint trial against the countervailing benefits to the state.' [Citation.]" (*Id.* at pp. 798-799.)

Appellant concedes evidence of the molestation charges would have been admissible in a separate trial on the murder charge as evidence of motive; however, he contends evidence of the murder would not have been admissible in a separate trial on the molestation charges. We need not decide whether evidence of the murder would have been cross-admissible because the cross-admissibility of the molestation evidence alone is sufficient to justify joinder. (*People v. Zambrano* (2007) 41 Cal.4th 1082, 1129 ["it is enough that the assaults were admissible in the murder case; 'two-way' cross-admissibility is not required"], disapproved of on another ground by *People v. Doolin* (2009) 45 Cal.4th 390, 421 & fn. 22; *People v. Cunningham* (2001) 25 Cal.4th 926, 985 ["complete cross-admissibility is not necessary to justify the joinder of counts"].) Accordingly, the trial court did not abuse its discretion by denying severance.

## II. *Jury Instruction*

Over defense objection, the trial court instructed the jury pursuant to CALCRIM No. 362: "If the defendant, Umar Hudson, made a false or misleading statement relating to the charged crime knowing the statement was false or intending to mislead, that conduct may show he was aware of his guilt of the crime and you may consider it in determining his guilt. [¶] If you conclude that the defendant made the statement, it is up to you to decide its meaning and importance. However, evidence that the defendant made such a statement cannot prove guilt by itself."

Appellant contends there was no evidence of a false or misleading statement to support this instruction. A police officer testified at trial that, shortly after the murder and near the scene of the crime, he asked appellant to identify himself and appellant responded with a false name. This evidence is sufficient to support the challenged instruction. (*People v. Watkins* (2012) 55 Cal.4th 999, 1028 [CALJIC version of CALCRIM No. 362 "was supported by evidence that [the] defendant gave a false name . . . upon arrest"].)

Appellant argues the jury might have improperly considered the challenged instruction in connection with the molestation charges because the trial court did not limit it to the murder charge. In light of the other evidence presented on the molestation charges, it is not reasonably probable a more favorable result would have occurred if such a limiting instruction had been provided; any error in failing to provide one was therefore harmless. (*People v. Watson* (1956) 46 Cal.2d 819, 836.)

DISPOSITION

The judgment is affirmed.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.

4